**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4107**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BOBBY RASHAWN GRIER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:23-cr-00046-CCE-1)

_____

Submitted:  March 6, 2025                         Decided:  May 15, 2025

_____

Before RICHARDSON and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury found Bobby Rashawn Grier guilty of distribution of marijuana, in violation of 21 U.S.C. § 841(a), (b)(1)(D); possession with intent to distribute marijuana, in violation of § 841(a), (b)(1)(D); and possession of a firearm in furtherance of drug trafficking, in violation 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Grier to 96 months of imprisonment—which fell below the Sentencing Guidelines range— followed by three years of supervised release. Grier appeals. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether the district court properly denied Grier's motion in limine to exclude evidence and whether the sentence is substantively reasonable. Grier filed a pro se supplemental brief raising additional issues.[*] For the following reasons, we affirm.

Counsel first questions whether the district court erred in denying Grier's motion in limine to exclude evidence. The charged offense of possession with intent to distribute marijuana was based on a search of Grier's residence conducted after postal inspectors intercepted a package sent to Grier from California; that package contained marijuana. Prior to trial, the Government sought to introduce evidence of similar packages sent to Grier in the months prior to his receipt of the package at issue. The district court agreed

---

[*] We have reviewed the issues raised in Grier's pro se brief and conclude that they lack merit.

with the Government that these packages were relevant to the charged offenses, and their probative value did not outweigh their potential prejudicial effect.

"We review evidentiary rulings for an abuse of discretion." *United States v. Banks*, 29 F.4th 168, 181 (4th Cir. 2022) (internal quotation marks omitted). Unless prohibited, relevant evidence is admissible at trial. Fed. R. Evid. 402. "Evidence is relevant if it is sufficiently related to the charged offense." *United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018). Under Rule 404(b), however, evidence "of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be "admissible for a proper, non-propensity purpose, such as 'proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Hall*, 858 F.3d 254, 260 (4th Cir. 2017) (quoting Fed. R. Evid. 404(b)(2)). Moreover, courts may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. "[U]nfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019).

We conclude that the district court properly admitted this evidence at trial. The evidence was relevant to the charged offenses, and relevant for the purposes of demonstrating Grier's knowledge. In addition, the court properly determined that the potential prejudicial effect of this evidence did not outweigh its probative value.

3

With respect to Grier's sentence, we "'review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In doing so, we first ensure that the district court committed no significant procedural error. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "If [we] find[] no significant procedural error, [we] then consider[] the substantive reasonableness of the sentence imposed," *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (internal quotation marks omitted), "taking into account the totality of the circumstances," *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). A sentence within or below a properly calculated Guidelines range is presumptively reasonable. *See United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019). A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed Grier's sentence and conclude that the district court committed no procedural error in sentencing Grier. Moreover, we presume that Grier's below-Guidelines-range sentence is substantively reasonable, and nothing apparent in the record rebuts that presumption.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Grier, in writing, of the right to petition the Supreme Court of the United States for further review. If Grier requests that a petition be filed, but

4

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grier.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*